**IN THE DISTRICT COURT OF THE UNITED STATES FOR THE**

**MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL ACTION NO.** |
| | ) | **2:17cr14-MHT** |
| **DAVID SCOTT GAFFORD** | ) | **(WO)** |

**OPINION AND ORDER**

For the reasons set forth below, the court finds that jury selection and trial, now set for September 5, 2017, should be continued pursuant to 18 U.S.C. § 3161(h)(1)(A).

While the ordering of a continuance is left to the sound discretion of the trial judge, <u>United States v. Stitzer</u>, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a

>     judicial officer of the court in which
>     such charge is pending, whichever date
>     last occurs."

18 U.S.C. § 3161(c)(1).  The Act excludes from the 70-day period any continuance based on "delay resulting from any proceeding, including any examinations, to determine the mental competency or physical capacity or the defendant." § 3161(h)(1)(A).  It also excludes continuances grounded in "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  § 3161(h)(7)(A).  In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would result in a miscarriage of justice." § 3161(h)(7)(B)(i).

The court concludes that, in this case, the ends of justice served by granting a continuance outweigh the interest of the public and Gafford in a speedy trial. In another opinion and order entered this day, the court has held that Gafford should be committed to the

**custody of the Attorney General "to be observed, examined, and treated by one or more qualified psychiatrists or psychologists," Opinion and Order (doc. no. 66), to "undergo further, independent, in-patient psychological evaluation" for two reasons: first, pursuant to 18 U.S.C. § 4241 and §§ 4247(b) & (c), "to determine his competency to stand trial on the charge now against him" and, second, pursuant to 18 U.S.C. § 3552(b), "for the purpose of assisting [the court] in fashioning an appropriate sentence if Gafford is found competent and is convicted." Id. This evaluation process is likely to last far beyond the current trial date. Under these circumstances, a continuance in this matter is warranted. Neither the government nor Gafford opposes a continuance.**

**\*\*\***

Accordingly, it is ORDERED that the jury selection and trial for defendant David Scott Gafford are continued generally.

DONE, this the 31st day of August, 2017.

                            /s/ Myron H. Thompson
                            **UNITED STATES DISTRICT JUDGE**