IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. |
| | ) | 2:17cr14-MHT |
| DAVID SCOTT GAFFORD | ) | (WO) |

OPINION AND ORDER

Defendant David Scott Gafford was charged with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The question before the court is whether Gafford has the mental capacity to stand trial, that is, whether he is currently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is not able to understand the nature and consequences of the proceedings against him or to assist properly in his defense. *See* 18 U.S.C. § 4241(a). Based on the evidence presented during the hearing on November 28, 2017, the court finds that he has the mental capacity to stand trial.

The issue of Gafford's competence to stand trial first came to the court's attention after news that he had been allegedly disruptive while in the custody of the United States Marshal, and had allegedly threatened suicide. Based on the representations made by counsel, a competency evaluation by a local forensic psychologist of Gafford's choice was ordered. Dr. Glen D. King, J.D., Ph.D., conducted the evaluation, and opined that Gafford was competent. King Psychiatric Report (doc. no. 60). At a subsequent competency hearing, the court concluded, based on Gafford's erratic and seemingly self-destructive representations in open court and in a number of ex parte submissions prior to the hearing, that while he may be "[]able to understand the nature and consequences of the proceedings against him," there were serious doubts as to whether he could "assist properly in his defense." *United States v. Gafford*, No. 2:17cr14-MHT, 2017 WL 3784042, at *2 (M.D. Ala. Aug. 31, 2017). In addition, the court found that Dr. King's report was "quite

2

cursory and conclusory, and, at times, appears internally inconsistent." *Id.* Accordingly, the court ordered Gafford to undergo further, independent, in-patient psychological evaluation to determine his competency to stand trial, and to assess how his mental-health might affect any later sentencing. *See id.*

Gafford was then transferred to the Federal Medical Center, Butner, North Carolina, where he underwent a more extended evaluation by Dr. Manuel E. Gutierrez, Psy.D. Dr. Gutierrez's report to the court states that Gafford presents symptoms of Alcohol Use Disorder, Unspecified Depressive Disorder, and Antisocial Personality Disorder. *See* Gutierrez Psychiatric Report (doc. no. 73) at 8-9. However, it also indicates that, despite previous difficulties, Gafford harbors positive feelings toward his counsel, and is willing and able to assist in his defense. In sum, Gutierrez opines that Gafford is able to understand the nature and consequences of the proceedings against him and to

3

assist properly in his defense, and, therefore, is competent to stand trial. *See id.* at 10. At a competency hearing on November 28, 2017, both parties represented that they had nothing further to submit with regard to whether Gafford is currently competent to stand trial.

Therefore, based upon the psychological evaluations by Dr. Gutierrez and Dr. King, and pursuant to 18 U.S.C. § 4241(a), the court concludes that Gafford is not currently suffering from a mental disease or defect such that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

***

Accordingly, it is ORDERED that defendant David Scott Gafford is declared mentally competent to stand trial in this case.

DONE, this the 28th day of November, 2017.

                      /s/ Myron H. Thompson
                      **UNITED STATES DISTRICT JUDGE**